## In re PRINSTEIN.

(Supreme Court, Appellate Division, First Department. February 10, 1911.)

ATTORNEY AND CLIENT (§ 53*)—MISAPPROPRIATION OF FUNDS—EVIDENCE—SUFFICIENCY.

Evidence *held* to sustain a finding of misappropriation of trust funds warranting disbarment of an attorney.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 74, 75; Dec. Dig. § 53.*]

Disbarment proceedings against Meyer Prinstein. Respondent disbarred.

See, also, 137 App. Div. 927, 121 N. Y. Supp. 1144.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, and LAUGHLIN, JJ.

Howard Taylor, for petitioner.
Louis Marshall, for respondent.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

INGRAHAM, P. J. These charges involved the misappropriation by the respondent of the sum of $200 which had been deposited with him in trust on the closing of a transaction in relation to real property, by which he agreed to apply this sum of $200 to the payment or cancellation of certain charges for Croton water on the premises which was the subject of the transaction between his client and a third party. The case was referred to the official referee, who took the testimony, and his report sustaining the charge is before us. The respondent was the attorney for one De Rosa, who had sold to one Natella a third mortgage upon certain premises in the city of New York. When the parties met to complete the transfer of this mortgage on September 19, 1907, it appeared that there were certain liens upon the property for water charges; and it was agreed that out of the consideration money for the purchase of the mortgage the sum of $200 should be deposited with the respondent to provide for the discharge of these liens. Two hundred dollars was then paid to the respondent, who executed an instrument to which he was a party as trustee, and which provided that the sum of $200 had been placed in his hands as trustee to secure the payment or other cancellation of certain charges for Croton water for 1906 and 1907, and setting meter for premises 543 West Fifty-Ninth street, New York, shown on search made for Jacob H. Corn by the Title Insurance Company of New York, that:

'If said charges are not cancelled by payment or otherwise before April 1, 1908, the said trustee shall apply the sum in his hands to the payment of said charges and produce the receipts therefor to mortgagee for inspection and verification."

This was signed by both the purchaser and the seller of the mortgage, and by the respondent as trustee. The respondent says that he was in a position to retain the $200 until February 28th when another agreement was executed. He stated that he deposited this sum of $200 in the Bank of North America within a day or two after its receipt. He produced a transcript of his bank account in which there appears a deposit of $200 on September 20, 1907, but the balance to the credit of the respondent in the Bank of North America was less than $200 on October 9, 1907, and it does not appear to have been over $200. Subsequently on January 2, 1908, it was $62.47, and on January 3, 1908, $24; and the evidence is quite conclusive that the money was not retained by the respondent as trustee, but was at once appropriated to his own use. He testifies that he drew the money out of the Bank of North America, or did not make deposits, because of the financial condition existing at the time, and carried it around in his pocket, but this explanation is incredible, and not entitled to consideration. About February 1, 1908, it appeared that a prior mortgage upon this property was to be foreclosed, and the respondent was notified not to pay these water charges. He had therefore this money as trustee, not alone for his client De Rosa, but also for Natella, who had purchased the mortgage, and the trust was evidently for the protection of Natella, and not De Rosa. It is quite clear that the respondent could not without a gross violation of his trust have disposed of this money in any way without Natella's con-

sent. After the foreclosure of the prior mortgage had been instituted, the parties met at the office of Natella's attorney, at which his attorney (Mr. Corn), De Rosa, and the respondent were present. An agreement was then executed by which De Rosa transferred to Natella the contents of a liquor saloon and other property to secure Natella, and also transferred to Natella this $200 on deposit with the respondent. To that agreement the respondent was not a party, but he was present when it was executed, and he signed it as a witness. Subsequently Natella demanded from the respondent this $200, and, the respondent refusing to pay it, Natella commenced an action in the Municipal Court against the respondent to recover it. Respondent set up as a defense to that action the facts which he testified to before the referee, and the question was submitted to a jury, who found a verdict for the plaintiff, upon which a judgment in favor of Natella against the respondent was entered for $228.91, upon which execution was issued and returned unsatisfied; and these proceedings were then instituted.

There is presented here a clear case of a breach of trust by which the respondent misappropriated this sum of money deposited with him for a specific purpose. It is clear that the money was intrusted to the respondent because of his position as attorney and counsellor at law. The respondent claims that after he received the money his client De Rosa told him that whatever balance there was after paying the charges for Croton water he (the attorney) could apply on account of the services that he had rendered to De Rosa; that subsequently, after the notice had been given him not to pay these Croton water charges, he appropriated the money, as he considered he had a right to do; that, when this agreement was to be signed, he protested against the $200 being transferred to Natella, but that De Rosa told him to let it go, and that he (De Rosa) would give him some money subsequently, and he signed the agreement as witness. Assuming this to be true, as before stated, the respondent was trustee for Natella as well as for De Rosa, and his appropriating the money which he had held in trust, without Natella's consent, was a distinct breach of trust. The referee, however, has found against the respondent upon his contention, and the referee's finding is sustained by the evidence. The respondent's whole story is evidently an afterthought, made up for the purpose of excusing what was clearly a breach of trust and serious professional misconduct, and which he has attempted to sustain by false testimony before the referee. The referee finds as follows:

"After a careful consideration of all the evidence, and the briefs and arguments of the respective counsel, I conclude as a matter of fact that the respondent received the $200 in trust to be used for the specific purpose stated in the agreement of September 19, 1907, to which the respondent Frank De Rosa and Serverio Natella were parties; that when respondent was notified about February 1, 1908, that the fund should not be used for the payment of water charges and setting meter, it was his duty to account to De Rosa and Natella, the other parties to the said agreement, as their respective rights in justice required; that the payment subsequent to the commencement of this proceeding of the judgment obtained by Natella against the respondent for the sum of $200 was not an excuse for his neglect in this regard, and cannot

operate to exonerate him from the charge of unprofessional conduct; that it was the respondent's duty at this time to inform both De Rosa and Natella of the condition of the fund and of any facts calculated to affect it, or of any claims made thereto, and the respondent by not promptly informing Natella of his claim to the fund was guilty of an omission of duty; that the respondent negligently and improperly mixed the said trust money with his private funds, and thereby violated his duty as trustee; that the preponderance of evidence sustains the contention that De Rosa did not agree and promise that so much of the fund as was not required to meet the purposes of the trust agreement should become the property of the respondent and be applied by him on account of the claims he had against De Rosa; that in my opinion, by reason of the acts of commission and omission stated above, violative of the respondent's duty as a trustee and an attorney and counsellor at law, he is guilty of unprofessional conduct."

I think that conclusion is amply sustained by the evidence. It clearly appears that the respondent testified falsely in the Municipal Court action, and before the referee, and in his answer submitted to this court.

In view of this conclusion of the referee, but one result can follow, and that is that the respondent must be disbarred. All concur.